**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | No. CR-13-439-2-PHX-DGC (LOA) |
| | ) | |
| Plaintiff, | ) | **ORDER OF DETENTION** |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| Eagle Dancing Deer Hill, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| ———————————————— | ) | |

In accordance with Title 18 U.S.C. § 3142 of the Bail Reform Act, a detention hearing was held in the above-captioned matter.  The Court finds that the Government has established: (Check one or both, as applicable)

☐ by clear and convincing evidence, Defendant is a danger to the community and shall be detained pending trial.

☒ by a preponderance of the evidence, Defendant is a serious flight risk and shall be detained pending trial.

**PART I -- FINDINGS OF FACT**

☐ (1) There is probable cause to believe that Defendant has committed the following:

    ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. §§ 801 *et seq*., 951 *et seq*., or 46 U.S.C. App. § 1901 *et seq*.

    ☐ an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332(b).

☐ an offense listed in 18 U.S.C. § 2332b(g)(5)(B) (crimes of terrorism) for which a maximum term of imprisonment of ten years or more is prescribed.

☐ an offense involving a minor victim prescribed in _____.

☐ (2) Defendant has not rebutted the presumption established by finding (1) that no condition or combination of conditions will reasonably assure Defendant's appearance as required at future court proceedings and the safety of the community.

**Alternative Findings**

☒ (1) There is a serious risk that Defendant will flee and no condition or combination of conditions will reasonably assure Defendant's appearance as required at future court proceedings.

☐ (2) No condition or combination of conditions will reasonably assure the safety of the community or others if Defendant were released from detention.

☐ (3) There is a serious risk that the defendant will (obstruct or attempt to obstruct justice) (threaten, injure, or intimidate a prospective witness or juror).

☐ (4) _____

**PART II -- WRITTEN STATEMENT OF REASONS FOR DETENTION**
(Check one or both, as applicable)

☐ (1) The Court finds that credible testimony and information submitted at the hearing establish by clear and convincing evidence as to danger that:

_____

_____

☒ (2) The Court finds by a preponderance of the evidence as to risk of flight that:

☐ Defendant has no significant contacts in the District of Arizona;

☐ Defendant has no resources in the United States from which he/she might make a bond reasonably calculated to assure his/her future appearance;

☒ Defendant has a prior criminal history as a juvenile and adult;

☒ Defendant has a record of failure(s) to appear in court as ordered;

☐ Defendant attempted to evade law enforcement contact by fleeing from law enforcement;

☐ Defendant is facing a minimum mandatory of _____ incarceration and a maximum of _____ if convicted;

☐ Defendant does not dispute the information contained in the Pretrial Services Report, and all supplements, if any,  except:

_____

_____

☒      In addition:

1. Defendant, age 24, has been unemployed for the past five years; 2. Defendant admits to consuming alcohol since age 17, marijuana use since age 15, and his aunt indicates he has uses methamphetamine; 3. The Government appears to have a strong case against Defendant in which the helpless victim was stabbed 40 times allegedly by Defendant and co-defendant when the victim was laying on the ground (the Government acknowledged at the hearing that the victim was first stabbed twice by the co-defendant and then the victim ran and fell down when the other stab wounds were allegedly made). While he enjoys the presumption of innocence, Assault with Intent to Commit Murder under 18 U.S.C. § 113(a)(1) and 2 (Count 1) carries a maximum prison sentence of 20 years. A rough Guideline  calculation would be a base offense level of 33 under U.S.S.G. § 2A2.1, a 4 level enhancement pursuant to U.S.S.G. § 2A2.1(b)(1)(A) because the victim sustained permanent or life-threatening bodily injury, and, without any other enhance-

1   ments or downward adjustments,  resulting in an adjusted level 37 and Guideline range of

2   imprisonment range of 210 to 262 months if Defendant is only in criminal history

3   category I.  This significant prison sentence is sufficient motivation for Defendant to flee

4   if released.  *See United States v. Gentry*, 455 F.Supp.2d 1018, 1020 (D. Ariz. 2006)

5   ("[D]istrict court [may] consider possible punishment as an incentive for a defendant to

6   flee in assessing a defendant's risk of flight.") (citing United States v. Townsend, 897

7   F.2d 989, 995 (9th Cir. 1990)).

8       The Court incorporates by reference the findings of the Pretrial Services report and

9   all supplements, if any, which were reviewed by the Court at or before the time of the

10  hearing in this matter.

11          **PART III -- DIRECTIONS REGARDING DETENTION**

12      **IT IS ORDERED** that Defendant is hereby committed to the custody of the

13  Attorney General or his/her designated representative for confinement in a corrections

14  facility separate, to the extent practicable, from persons awaiting or serving sentences or

15  being held in custody pending appeal. 18 U.S.C. § 3142(i)(2). Defendant shall be afforded

16  a reasonable opportunity for private consultation with defense counsel. 18 U.S.C. § 3142

17  (i)(3). Upon order of a court of the United States or request of an attorney for the Govern-

18  ment, the person in charge of the corrections facility shall deliver Defendant to the United

19  States Marshal Service for the purpose of an appearance in connection with a court

20  proceeding. 18 U.S.C. § 3142(i)(4).

21          **PART IV -- APPEALS AND THIRD PARTY RELEASE**

22      **IT IS FURTHER ORDERED** that should a review of this detention order be

23  filed pursuant to 18 U.S.C. § 3145, it is the responsibility of the movant's attorney to

24  deliver a copy of the motion for review to U.S. Pretrial Services, at least, one day prior to

25  the review hearing set before the assigned District Judge. Pursuant to Rule 59(a), Fed.R.

26  Crim.P. (2010), a party seeking review shall have **fourteen (14) days** to file a motion for

27  review after being served with a copy of this written order, after the oral order is stated on

28  the record, or at some other time the assigned District Judge may set. Failure to timely file

1    a motion for review in accordance with Rule 59(a) may waive the right to review. Rule

2    59(a), Fed.R.Crim.P.

3        **IT IS FURTHER ORDERED** that the issue of detention may be reopened at any

4    time before trial upon a finding that information exists that was not known to the movant

5    at the time of the detention hearing and such information has a material bearing on the

6    issue whether there are conditions of release that will reasonably assure the appearance of

7    Defendant as required and the safety of any other person and the community. Title 18

8    U.S.C. § 3142(f).

9        DATED this 12th day of April, 2013.

 

                             Lawrence O. Anderson
                          United States Magistrate Judge